UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYMEL MORGAN,

                                    Plaintiff,

                v.

JOE RICKETTS, Founder of DNAInfo.com,

                                    Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

21-CV-42 (LDH)

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Tymel Morgan, proceeding *pro se*, brings the instant action against Defendant Joe Ricketts for slander, in connection with an article published by a publisher of online content. Plaintiff paid the filing fee to commence this action.

## BACKGROUND

This action arises out of a DNAInfo.com article regarding an alleged shoplifting incident involving the Plaintiff.   (Compl. at 5, 7-10, ECF No. 1.)   The article, which Plaintiff attached to his complaint, was published on May 21, 2014.   (Compl. at 7.)[1]   According to the article, an individual, later identified as Plaintiff, was caught shoplifting a bottle wine and "returned minutes later to trash the place."   (*Id.*)   The article additionally notes that Plaintiff was charged with multiple criminal acts in connection with the incident.   (Compl. at 7.)

On January 26, 2021, Plaintiff filed a complaint, bringing the instant lawsuit against Joe Ricketts, the founder of DNAInfo.com.   According to Plaintiff, "[o]n May 21, 2014, it was reported that I trashed a store . . . and was seen waving a broken beer bottle in store owner's face."   (Compl. at 5.)   Plaintiff further alleges that "because of slander I feel that I lost wages in the United States, Japan, China, Milan, Paris, Greece, Moscow, Cairo, Egypt, and Madrid."

---

[1] As the exhibits are not labeled, the Court refers to the pages assigned by the Electronic Case Filing System.

(Compl. at 6.)

## STANDARD OF REVIEW

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.   "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court sua sponte.   If subject matter jurisdiction is lacking, the action must be dismissed."   *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).   Federal subject matter jurisdiction is available only when a case "aris[es] under the Constitution, laws, or treaties of the United States," or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.   28 U.S.C. §§ 1331, 1332.   The former, known as federal question jurisdiction, "may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."   *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Relevant here, even where a plaintiff has paid the court's filing fee, a district court may dismiss the case, sua sponte, if it determines that the Court lacks subject matter jurisdiction. *Fitzgerald v. First East Seventh Street Tenants Corp*., 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Federal Savings Bank*, 334 Fed. Appx. 394, 395 (2d Cir. 2009) (affirming district court's sua sponte dismissal of fee paid frivolous complaint).   Indeed, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."   *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

2

Additionally, while *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).   If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint.   *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).   Importantly, a *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

Plaintiff purports to bring his claims under the Court's diversity jurisdiction.   Under 28 U.S.C. § 1332, federal courts may exercise jurisdiction over state law claims where the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).   "As to the second requirement, [a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."   *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996).

Here, although Plaintiff asserts damages of $1,384,804 in "lost wages," he does not provide any information as to how that amount was calculated.   (Compl. at 5.)   Indeed, Plaintiff only generally alleges he "lost out on wages in the United States, Japan, China, Milan, Paris, Greece, Moscow, Cairo, Egypt, and Madrid."   (Compl. at 6.)   Moreover, Plaintiff has failed to allege how he lost employment opportunities or wages because of the article.   As drafted, the complaint does not satisfy the Court that it is "reasonably probable" that Plaintiff can recover more than $75,000 in connection with this claim.

Even if Plaintiff had established that diversity jurisdiction exists, his claim is nonetheless untimely.   The sole cause of action in Plaintiff's complaint is for slander, which under New York State law is covered by a one-year statute of limitations.   N.Y. C.P.L.R. § 215(3) (McKinney) (one-year limitations period for slander and libel); *Cullin v. Lynch*, 113 A.D.3d 586 (2d Dep't 2014) (noting the one-year statute of limitations to recover damages for slander begins to accrue on "the date of the publication or utterance of the allegedly slanderous statement."). In this case, the statements that form the basis of the claim were published in 2014.   (Compl. at 7.)   Plaintiff did not file this lawsuit until 2021.

Further, Plaintiff's claims are substantively deficient. "Under New York law, a plaintiff must establish five elements to recover in libel: 1) a written defamatory statement of fact concerning the plaintiff; 2) publication to a third party; 3) fault (either negligence or actual malice depending on the status of the libeled party); 4) falsity of the defamatory statement; and 5) special damages or per se actionability (defamatory on its face)." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 176 (2d Cir. 2000) (citing New York caselaw). "The elements of a cause of action for slander under New York law are (i) a defamatory statement of fact, (ii) that

4

is false, (iii) published to a third party, (iv) 'of and concerning' the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." *Albert v. Loksen*, 239 F.3d 256, 265–66 (2d Cir. 2001) (citing New York caselaw).   Notably, the complaint contains no allegations that the statements contained in the DNAInfo.com article are false.

## CONCLUSION

"[B]efore determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quotation marks, alterations, and citations omitted).   Accordingly, the Court will grant Plaintiff leave to amend.   *See Cuoco*, 222 F.3d at 112.   Plaintiff shall have 30 days from the date of this Memorandum and Order in which to file an amended complaint that asserts a basis for jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is advised that an amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support his claims.   In addition, the amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order.   If Plaintiff fails to comply with this order within the time allowed, the case will be dismissed and judgment shall be entered against Plaintiff.   All further proceedings shall be stayed for 30 days.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *Coppedge v. United States,* 269 U.S. 438, 444-45 (1962).

5

SO ORDERED.

Dated: Brooklyn, New York
      August 4, 2021

/s/ LDH
LASHANN DEARCY HALL
United States District Judge